# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, in his capacity as court-appointed receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Jim Dodds, <br><br> Defendant. | Civil Action No. 8:15-cv-00561-JMC <br><br><br><br> **ORDER AND OPINION** |

Plaintiff Beattie B. Ashmore ("Plaintiff"), in his capacity as court-appointed receiver for Ronnie Gene Wilson ("Wilson") and Atlantic Bullion & Coin, Inc. ("AB&C"), filed this action against Defendant Jim Dodds ("Defendant") seeking to recover grossly excessive payments received by Defendant as a return on his investment in the Wilson-AB&C Ponzi scheme.[1] (ECF No. 1.)

This matter is before the court on Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Interrogatories and First Set of Requests to Produce seeking full and complete responses from Defendant to Interrogatories Nos. 7–9 and Requests to Produce Nos. 6–7. (ECF No. 15.) Defendant opposes Plaintiff's Motion to Compel. (ECF No. 16.) For the reasons set forth below, the court **GRANTS** Plaintiff's Motion to Compel.

---

[1] "A Ponzi scheme is a fraudulent investment program in which funds are paid in by investors and later investors['] funds are used to pay out nonexistent phantom profits to the original investors, thus creating the illusion that the fraudulent investment program is a successful, profit generating enterprise which, in turn attracts new investment funds that are used to sustain the fraudulent program." United States v. Wilson, Cr. No. 8:12-cr-00320-JMC, ECF No. 1-1 at 2 ¶ 6 (D.S.C. Apr. 4, 2012). In Wilson, the United States alleged that Wilson, through AB&C, "orchestrated a Ponzi scheme whereby he led investors to believe that he was investing their money in silver, when, in fact, Wilson was not buying silver but using the money for his personal gain . . . [and] [t]o keep the Ponzi scheme going, Wilson also made payments to earlier investors to whom Wilson made representations that their investments were earning high rates of return–sometimes in excess of 200 percent. Id. at ECF No. 17 at 1.

### I.     RELEVANT BACKGROUND TO PENDING MOTION

Plaintiff is the court appointed Receiver in <u>In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc.</u>, C/A No. 8:12-cv-02078-JMC, ECF No. 1 (D.S.C. July 25, 2012), a case related to the instant matter. Plaintiff alleges that "[o]n February 29, 1996, Defendant made an initial 'investment' [in the Wilson-AB&C Ponzi scheme] of $28,300.00." (ECF No. 1 at 4 ¶ 24.) "Subsequently, Defendant made eight additional 'investments' totaling $306,500.00 between December 2000 and April 2009, for a total investment of $334,800.00." (<u>Id.</u> at ¶ 25.) Plaintiff further alleges that "Defendant received $1,532,983.00 in returns [from the Wilson-AB&C Ponzi scheme] between March 2004 and December 2011, resulting in a profit of $1,198,183.00." (<u>Id.</u> at 5 ¶ 26.)

Based on his appointment as Receiver tasked with "locating, managing, recouping, and distributing the assets of the Wilson-AB&C investment scheme," Plaintiff commenced the instant action against Defendant on February 6, 2015, asserting claims for fraudulent transfer (in violation of the Statute of Elizabeth, S.C. Code Ann. § 27-23-10 (2014), or the Florida Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.101–726.112) and unjust enrichment. (ECF No. 1 at 1 ¶ 1 & 6 ¶ 38–8 ¶ 52.) On March 26, 2015, Defendant filed his Answer denying the relevant allegations of the Complaint. (ECF No. 6.)

On May 20, 2015, Plaintiff served his First Set of Interrogatories and First Set of Requests to Produce on Defendant. (<u>See</u> ECF Nos. 15-1 & 15-3.) On July 20, 2015, Defendant submitted answers/responses to the interrogatories and requests to produce. (ECF Nos. 15-2 & 15-4.) After reviewing Defendant's objections to specified discovery requests, Plaintiff filed the instant Motion to Compel on September 18, 2015. (ECF No. 15.) Defendant filed a Response in Opposition to Plaintiff's Motion to Compel on October 5, 2015, requesting that the court deny

the Motion to Compel as to Interrogatories Nos. 7–9 and Requests to Produce Nos. 6–7, because this discovery seeks information pertinent to Defendant's assets "in no way relevant to any claim in this case." (ECF No. 16 at 3.) On October 16, 2015, Plaintiff filed a Reply asserting that "Defendant has still not produced to Plaintiff a single document in discovery, yet received a net gain of almost one million two hundred thousand dollars . . . [from the Wilson-AB&C Ponzi scheme]." (ECF No. 17 at 1.)

## II.    LEGAL STANDARD

A.    <u>Discovery Generally</u>

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u> "For purposes of discovery, then, information is relevant, and thus discoverable, if it 'bears on, or . . . reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" <u>Amick v. Ohio Power Co.</u>, No. 2:13-cv-06593, 2014 WL 468891, at *1 (S.D. W. Va. Feb. 5, 2014) (citing <u>Kidwiler v. Progressive Paloverde Ins. Co.</u>, 192 F.R.D. 193, 199 (N.D. W. Va. 2000)). "Although 'the pleadings are the starting point from which relevancy and discovery are determined . . . [r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.'" <u>Id.</u> (citing <u>Kidwiler</u>, 192 F.R.D. at 199). "Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes." <u>Id.</u> "Therefore, courts broadly construe relevancy in the context of

3

discovery." Id.

The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 983 (4th Cir. 1992) ("the discovery rules are given 'a broad and liberal treatment'") (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). That said, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

B.     Motions to Compel

"If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is afforded a district court's decision to grant or deny a motion to compel. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (Internal citation omitted); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988); LaRouche v. Nat'l Broad. Co., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

### III.     ANALYSIS

Plaintiff seeks to compel to complete answers to the First Set of Interrogatories Nos. 7–9

4

and responses to the First Set of Requests to Produce Nos. 6–7.  (ECF No. 15 at 1.)  Defendant specifically objects to answering/responding to the following discovery requests seeking disclosure of his assets:

> **Interrogatory No. 7:** Identify for the past eight (8) years, and with specificity, all assets (owned, in whole or in part by Defendant), including, but not limited to, real property, personal property, bank and other financial accounts, investment accounts, automobiles, life insurance policies, stocks and bonds, offshore assets, and annuities.
>
> ANSWER: Defendant objects to this interrogatory as it requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant additionally objects to this interrogatory as it violates the privacy of Plaintiff [sic].  Defendant further objects to this interrogatory as it appears to be a judgment collection tactic, and no judgment has been ordered, which is a violation of Defendant's due process rights.
>
> **Interrogatory No. 8:** For each asset, state with particularity if any amount of money is owed or lien outstanding, and the name of the credit holder (i.e. bank, mortgage lender) for each asset.
>
> ANSWER: Defendant objects to this interrogatory as it requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant additionally objects to this interrogatory as it violates the privacy of Plaintiff [sic].  Defendant further objects to this interrogatory as it appears to be a judgment collection tactic, and no judgment has been ordered, which is a violation of Defendant's due process rights.
>
> **Interrogatory No. 9:** Identify any and all assets owned or acquired within the last eight (8) years with money received from Ronnie Gene Wilson ("Wilson") and/or Atlantic Bullion & Coin ("AB&C") whether by payout or otherwise, including any asset that was purchased outright with Wilson/AB&C funds or the value of which was enhanced or equity increased by Wilson/AB&C funds.
>
> ANSWER: Defendant objects to this interrogatory as it requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant additionally objects to this interrogatory as it violates the privacy of Plaintiff [sic].  Defendant further objects to this interrogatory as it appears to be a judgment collection tactic, and no judgment has been ordered, which is a violation of Defendant's due process rights.

(ECF No. 15-2 at 3–4.)

**Request for Production No. 6:** Copies of any and all documents related to any and all assets in your name or control for the past eight (8) years, including, but not limited to, documents that demonstrate ownership of real property, liens to real property, ownership of personal property, copies of stock certificates, investment accounts, stock holdings, and bank statements.

RESPONSE: Defendant objects to this request to produce as it requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant additionally objects to this request as it violates the privacy of Defendant. Defendant further objects to this request to produce as it appears to be a judgment collection tactic, and no judgment has been ordered, which is a violation of Defendant's due process rights.

**Request for Production No. 7:** Copies of any and all documents that demonstrate the transfer of assets from you to another person or entity within the last five years.

RESPONSE: Defendant objects to this request to produce as it requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant additionally objects to this request as it violates the privacy of Defendant. Defendant further objects to this request to produce as it appears to be a judgment collection tactic, and no judgment has been ordered, which is a violation of Defendant's due process rights.

(ECF No. 15-4 at 2.)

The court observes that Plaintiff as the Receiver in <u>In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc.</u> has been empowered to institute legal proceedings "against those individuals, corporations, agencies, partnerships, associations and/or unincorporated organizations, that the Receiver may claim to have wrongfully, illegally or otherwise improperly be in the possession of or misappropriated/transferred monies or other proceeds directly or indirectly traceable from investors in the Ponzi scheme . . . ." C/A No. 8:12-cv-02078-JMC, ECF No. 43 at 3 ¶ 2. Here, in order to determine whether Defendant is in possession of monies or proceeds traceable to the Wilson-AB&C Ponzi scheme, evidence regarding Defendant's earnings and/or assets during the period of time at issue may be relevant in establishing possession of such monies or proceeds, or could reasonably lead to relevant

admissible evidence.  As a result, the court overrules Defendant's objections to First Set of Interrogatories Nos. 7–9 and First Set of Requests to Produce Nos. 6–7.[2]

## IV.     CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** Plaintiff Beattie B. Ashmore's Motion to Compel.  (ECF No. 15.)  Defendant shall provide appropriate answers to the First Set of Interrogatories Nos. 7–9 and produce documents in his possession responsive to the First Set of Requests to Produce Nos. 6–7.  Defendant must comply with this Order on or before November 6, 2015.  The court **DENIES WITHOUT PREJUDICE** Plaintiff's request for costs associated with his Motion to Compel pending the ultimate resolution of this discovery dispute.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 23, 2015
Columbia, South Carolina

---

[2] The court observes that Defendant's privacy concerns regarding the disclosure of personal financial information (see ECF No. 16 at 3) may presumably be addressed by reaching an agreement with Plaintiff regarding the terms of an appropriate confidentiality order.