IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, in his capacity as court-appointed receiver for Ronnie Gene Wilson and Atlantic Bullion and Coin, Inc., )<br><br>Plaintiff,<br><br>v.<br><br>Jim Dodds,<br><br>Defendant. | Civil Action No.: 8:15-cv-00561-JMC<br><br>**ORDER AND OPINION** |

Plaintiff Beattie B. Ashmore ("Plaintiff"), in his capacity as court-appointed receiver for Ronnie Gene Wilson ("Wilson") and Atlantic Bullion and Coin, Inc. ("AB&C"), filed this action against Defendant Jim Dodds ("Defendant") to recover grossly excessive payments received by Defendant as a return on his investment in the Wilson-AB&C Ponzi scheme.[1]

This matter is before the court on Plaintiff's Motion for Reconsideration. (ECF No. 101.) Specifically, Plaintiff requests that the court reconsider the Order certifying to the South Carolina Supreme Court the questions of law regarding South Carolina choice of law rules for fraudulent

---

[1] "A Ponzi scheme is a fraudulent investment program in which funds are paid in by investors and later investors['] funds are used to pay out nonexistent phantom profits to the original investors, thus creating the illusion that the fraudulent investment program is a successful, profit generating enterprise which, in turn attracts new investment funds that are used to sustain the fraudulent program." *United States v. Wilson*, Cr. No. 8:12-cr-00320-JMC, ECF No. 1-1 at 2 ¶ 6 (D.S.C. Apr. 4, 2012). In *Wilson*, the United States alleged that Wilson, through AB&C, "orchestrated a Ponzi scheme whereby he led investors to believe that he was investing their money in silver, when in fact, Wilson was not buying silver but using the money for his personal gain. . . [and] [t]o keep the Ponzi scheme going, Wilson also made payments to earlier investors to whom Wilson made representations that their investments were earning high rates of return –sometimes in excess of 200 percent." (*Id*. at ECF No. 17 at 1.) On July 30, 2012, Wilson and AB&C pled guilty to two counts of mail fraud stemming from their involvement in the criminal Ponzi scheme. (ECF No. 1 at 2.)

1

conveyance and unjust enrichment claims. (ECF No. 102.) Defendant opposes Plaintiff's Motion, asserting that it should be denied. (ECF No. 106.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 101).

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is the court-appointed receiver *in In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc.*, No. 8:12-cv-02078-JMC, ECF No. 1 (D.S.C. July 25, 2012), a case related to this matter. Plaintiff alleges that "[o]n February 29, 1996, Defendant made an initial 'investment' [in the Wilson-AB&C Ponzi scheme] of $28,300.00." (ECF No. 1 ¶ 24.) "Subsequently, Defendant made eight additional 'investments' totaling $306,500.00 between December 2000 and April 2009, for a total investment of $334,800.00." (*Id.* ¶ 25.) Plaintiff further alleges that "Defendant received $1,532,983.00 in returns [from the Wilson-AB&C Ponzi scheme] between March 2004 and December 2011, resulting in a profit of $1,198,183.00." (*Id.* ¶ 26.)

Based on his appointment as the receiver tasked with "locating, managing, recouping, and distributing the assets of the Wilson-AB&C investment scheme," Plaintiff commenced this action against Defendant on February 6, 2015, asserting claims for fraudulent conveyance (in violation of the Statute of Elizabeth, S.C. CODE ANN. § 27-23-10 (2014) and/or the Florida Uniform Fraudulent Transfer Act ("FUFTA"), FLA. STAT. ANN. §§ 726.101-726.201) and unjust enrichment. (ECF No. 1 ¶¶ 1, 38-52.)

On May 19, 2017, the parties filed their Motions for Summary Judgment. (ECF Nos. 70, 71.) As relevant here, Plaintiff asserted that under South Carolina choice of law rules, South Carolina law applies to both his claim for fraudulent conveyance and his claim for unjust enrichment, and that Florida law does not apply to these claims. (ECF No. 73 at 6-9; *see also* ECF No. 70 at 6-12 (applying only South Carolina law to claims)). Defendant asserted that, under

South Carolina choice of law rules, Florida law governs both claims, and that South Carolina law is inapplicable. (ECF No. 71 at 6-8; ECF No. 74 at 4; ECF No. 77 at 3-5).

On July 5, 2017, the court denied in part Defendant's Motion for Summary Judgment, disposing of several arguments he raised. (ECF No. 95.) The court further determined that it would certify to the Supreme Court of South Carolina questions regarding whether the substantive law of South Carolina or Florida should apply to the claims brought by Plaintiff. (*Id*. at 37.) As a result, the court reserved ruling on the remainder of Defendant's Motion and on Plaintiff's Motion for Summary Judgment until after the Supreme Court answered or otherwise disposed of the certified questions. (*Id*.)

On August 2, 2017, Plaintiff filed a Motion for Reconsideration, asserting that certification is unnecessary because he is entitled to summary judgment on his unjust enrichment claims, regardless of whether South Carolina or Florida law applies. (ECF No. 101.) Also on August 2, 2017, the court filed the Certification Order with the Supreme Court of South Carolina. (ECF No. 102.)

On August 28, 2017, Defendants filed a response in opposition to Plaintiff's Motion, asserting that the choice of South Carolina or Florida law could have an effect on the outcome of Plaintiff's unjust enrichment claims against Defendant because there are differences in both the applicable substantive law and the manner in which the limitations period is applied. (ECF No. 106.)

On September 11, 2017, Plaintiff filed a Reply to Defendant's response, in large part reasserting his position in his Motion for Reconsideration. (ECF No. 110.) On September 18, 2017, Defendant filed a Sur-Reply to Plaintiff's Reply, in large part reasserting his position in his response in opposition to Plaintiff's Motion. (ECF No. 112.)

3

The Supreme Court of South Carolina issued an Order agreeing to answer the questions certified to it by this court.[2] (ECF No. 113.)

## II. JURISDICTION

The court has jurisdiction over this matter under 28 U.S.C. § 1331 pursuant to Plaintiff's allegation that the Complaint "is so related to the *In Re Receiver*, 8:12-cv-2078-JMC case and the underlying criminal case, *United States v Wilson, et al*, 8:12-cr-00320[,]" cases in which the court has jurisdiction, "that it forms part of the underlying case or controversy." (ECF No. 1 at 1 ¶ 3.) The court may properly hear Plaintiff's state law claims for fraudulent transfer and unjust enrichment based on supplemental jurisdiction since these claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ." 28 U.S.C. § 1367(a).

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). The Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion, but has held motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n*, 326 F.3d at 514; *see also Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (the

---

[2] Thereafter, on September 13, 2017, the Supreme Court of South Carolina filed an Amended Order. (ECF No. 114.)

4

Court found it "unnecessary to thoroughly express our views on the interplay of Rules 60, 59, and Rule 54"). In this regard, district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance. *See U.S. Home Corp. v. Settlers Crossing, LLC*, No. DKS 08-1863, 2012 WL 5193835, at *2 (D. Md. Oct. 18, 2012); *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); *Akeya L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565-66 (M.D.N.C. 2005). Therefore, reconsideration under Rule 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an[] interlocutory order.") (citing *Am. Canoe Ass'n*, 326 F.3d at 514).

## IV. ANALYSIS

The court certified the following questions to the Supreme Court of South Carolina:

1. Under South Carolina choice of law rules, the substantive and procedural law of which jurisdiction applies to the Receiver's fraudulent conveyance claim?

2. Under South Carolina choice of law rules, the substantive and procedural law of which jurisdiction applies to the Receiver's unjust enrichment claim?

(ECF No. 102.)

Plaintiff requests that the court reconsider its certification to the Supreme Court of South Carolina. (ECF No. 101.) However, Plaintiff's request is moot at this point. The court's reasoning is drawn from case law that compares divesting a district court of its jurisdiction when it remands a case to state court to when it certifies a question to state court.

Under 28 U.S.C. § 1447(c), a district court is required to remand a case to state court when it determines the case was improvidently removed. A remand order based on section 1447(c) is unreviewable on "appeal or otherwise." 28 U.S.C. § 1447(d). The Fourth Circuit has stated indisputably, "otherwise" in 1447(d) includes reconsideration by the district court. *Brown v. Kearse*, 517 F. Supp. 2d 760, 762 (D.S.C. 2007); *see also Seedman v. U.S. Dist. Court for Centr. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) ("The language in 28 U.S.C. § 1447(c) has been universally construed to preclude not only appellate review but also reconsideration by the district court."). Similarly, once a district court certifies an order to state court, it is divested of jurisdiction and can take no further action on the case. *See In re Lowe,* 102 F.3d 731, 735 (4th Cir. 1996) (citing *Seedman*, 837 F.2d at 414) (indicating that certification divests the federal court of jurisdiction) (citing *Fed. Deposit Ins. Corp. v Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979)) (remarking that reconsideration is universally prohibited "once state court has resumed jurisdiction").

Therefore, because this court certified questions to the Supreme Court of South Carolina, and the Supreme Court has agreed to answer them, this court is divested of its jurisdiction until the Supreme Court answers the certified questions, making Plaintiff's Motion for Reconsideration moot.

Furthermore, Plaintiff has not met the standard of Federal Rule of Civil Procedure 54. Plaintiff does not point the court to any intervening changes in the controlling law or newly discovered evidence. Additionally, the court does not find any clear error of law or manifest injustice.

## V. CONCLUSION

Upon careful consideration of the parties' arguments and for the reasons set forth above, the court hereby **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 101).

**IT IS SO ORDERED.**

                                                            United States District Judge

September 21, 2017
Columbia, South Carolina